16-2604-cr
United States of America v. Dwight Mundle

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         GERALD E. LYNCH,
              Circuit Judges,
         Paul A. CROTTY,*
              District Judge.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                    16-2604

Dwight Mundle,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Paul P. Rinaldo, Law Office of
                            Paul P. Rinaldo, White Plains,
                            New York.

---

* Judge Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLEE:**                     Joon H. Kim, Acting United States Attorney for the Southern District of New York (Lauren B. Schorr, Douglas S. Zolkind, Michael Ferrara, Assistant United States Attorneys, *on the brief*), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Roman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Dwight Mundle appeals from the judgment of the United States District Court for the Southern District of New York sentencing him to 27 months in prison after he was convicted of transmitting a threat in interstate commerce. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

For a week in January 2015, Dwight Mundle went on an intoxicated rampage against his mother, Sonia Green, while staying at her Florida home. He demanded money, broke furniture, showed Sonia his gun, and repeatedly told her that he was going to kill her, his stepfather, and himself. On Friday, January 23, the stepfather reached out for assistance to Mundle's sister, Anika, after discovering that his wife was trapped by her son. That same day Anika called the appellant multiple times to check whether Sonia was safe. During these calls, an enraged Mundle made specific threats to kill Anika and his stepfather, and to hurt his mother. Afterwards he continued to threaten and hold his mother hostage until she escaped several days later. He was arrested on January 27 and charged in a two-count indictment with transmitting a threat in interstate commerce, 18 U.S.C. § 875(c), for the statements he made on the phone to his sister on January 23, and with using, carrying, or possessing a firearm during a crime of violence, 18 U.S.C. § 924(c).

2

Prior to trial, the prosecution moved in limine to admit testimony related to Mundle's uncharged conduct over the course of the week during which he made the threatening communications. The district court granted the motion over Mundle's opposition, and the prosecution elicited testimony from Mundle's mother and stepfather, detailing Mundle's abusive and menacing behavior towards his mother. Anika further testified that she believed Mundle's threats over the phone in part because of what she knew was transpiring between him and his mother in her Florida home.

Rule 404(b)(1) bars the admission of evidence of uncharged crimes or acts for the purpose of showing a defendant's criminal propensity. Fed. R. Evid. 404(b)(1). However, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000)(internal quotation marks omitted)(citing United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997)). The district court may admit relevant evidence not barred by Rule 404(b) unless its probative value is substantially outweighed by the risk of unfair prejudice. See id.; see also Fed. R. Evid. 403.

On appeal, Mundle argues that the district court erred in granting the Government's motion because the uncharged conduct was not inextricably intertwined with the threatening phone calls, and in any event, because its admission resulted in undue prejudice. "District courts have broad discretion to balance probative value against possible prejudice, and we will not disturb that balancing unless there is a clear showing of abuse of discretion." United States v. Bermudez, 529 F.3d 158, 161-62 (2d Cir. 2008) (internal citations and quotation marks omitted).

The district court did not abuse its discretion in admitting the evidence of Mundle's threatening and abusive

behavior towards his mother.  His conduct during his stay with Sonia was inextricably intertwined with the evidence of the charged offenses and its inclusion was necessary to understand the sequence of events that form the basis for Mundle's conviction.  For one, the evidence tends to show that the defendant "transmit[ted] the communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat," which is part of the Government's burden of proof to convict under 18 U.S.C. § 875(c), Elonis v. United States, 135 S. Ct. 2001, 2012 (2015): Mundle's continuing aggression towards his family members up to and including the day of the call supports the inference that the threats conveyed to his sister would be perceived as real.  And although Mundle was ultimately acquitted on the 18 U.S.C. § 924(c) count, Sonia's testimony about Mundle's weapon provided direct evidence of an element of the offense.  It is impossible to separate the "possess[ion of] a firearm" "during and in relation to" the making of the threats against his sister from Mundle's conduct towards his mother.  18 U.S.C. § 924(c)(1)(A).

Evidence of the events surrounding the January 23 phone calls also "g[ives] coherence to the basic sequence" of the charged crime.  Gonzalez, 110 F.3d at 942.  These events account for Anika's calls and explain how they fit into the criminal narrative.  See Carboni, 204 F.3d at 44.  As the district court explained:  "Absent an explanation that Anika was aware the defendant was holding their mother hostage...and had threatened her," Anika's calling—and Mundle's response—could seem inexplicable.  J. App'x at 79.

Mundle contends that the evidence of his conduct leading up to the call should nevertheless have been excluded because it effectively put him on trial for kidnapping his mother.  But as explained above, the challenged testimony helped establish elements of the charged offenses and provided context for the communications at the center of the case.  See Gonzalez, 110 F.3d at 941 (Relevant background evidence includes "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.").  The district court, being

4

"in the best position to do the balancing required by Rule 403," did not abuse its broad discretion in deciding that any prejudice Mundle may have suffered from admitting this testimony did not substantially outweigh its probative value.  United States v. Ansaldi, 372 F.3d 118, 131 (2d Cir. 2004); accord United States v. Mercado, 573 F.3d 138, 142 (2d Cir. 2009) (noting the district court's superior position to balance probative value against the dangers of unfair prejudice).

For the foregoing reasons, and finding no merit in Mundle's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5